Stacy Ann Williams-Moore
Plaintiff in *Propria Persona*
17 Dawes Avenue
Amityville, New York 11701
phone number: 516 462 5959
email: Stacyrmoore@outlook.com

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 14 2022 ★
LONG ISLAND OFFICE

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF NEW YORK

### CENTRAL ISLIP DIVISION

100 Federal Plaza, Central Islip, New York 11722

STACY ANN WILLIAMS-MOORE
PLAINTIFF,

v.

QUICK INTERNATIONAL COURIER, LLC
DEFENDANT.

_____/

CASE NO. CV 22-3592

KOVNER, J
LEVY, M.J.

### COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, Stacy Ann Williams-Moore ("plaintiff"), files this Complaint against defendant, QUICK INTERNATIONAL COURIER, LLC ("defendant") and states as follows:

### INTRODUCTION

1.  This is a claim by plaintiff Stacy Ann Williams-Moore against her employer for violations of the Americans with Disabilities Act ("ADA") and the Americans with Disabilities Amendments Act ("ADA-AA"), 42 U.S.C. § 12101, *et sequitur* for discrimination and retaliation on the basis of disability; for prohibited actions taken on the basis of this disability under the "regarded as" prong and the "record of" prong; and for declaratory and injunctive relief under Title I of the Americans with Disabilities Act as implemented under 29 CFR Part 1630, *et sequitur*.

2.  Accordingly, plaintiff brings this action pursuant to the ADA and ADA-AA to recover all available relief in law, including but not limited to: (i) a judgment from this Court that defendant's actions were unlawful; (ii) back pay; (iii) compensatory damages in whatever amount she is found to be entitled; (iv) reinstatement, or in the alternative front pay in the event reinstatement is not practical; (v) an equal amount as liquidated damages, other monetary damages; (vi) an award of costs and reasonable court fees; and (vii) punitive damages to the extent available; (viii) pre-judgment and post-judgment interest; and (ix) a jury trial on all issues so triable.

## JURISDICTION AND VENUE

3.  This court has original and exclusive jurisdiction over plaintiff's claims pursuant to 28 U.S.C. §1331, in that the matters in controversy are brought pursuant to Title I of the Americans with Disabilities Act of 1990 and the ADA and ADA-AA of 2008; 42 U.S.C. §12101 and 42 U.S.C. §12112(a), (b) and (d)(4) as it pertains to "Discrimination"; as implemented by 29 CFR Part 1630.14(b)(3), (c) & (d) as it pertains to adverse employment actions, employers and medical examinations and interventions.

4.  Venue is proper in this judicial district under 28 U.S.C. §1391 because defendant does business in this judicial district and the acts complained of took place in this judicial district.

5.  Plaintiff timely filed a charge of Discrimination against the defendant with the Equal Opportunity Employment Commission (EEOC) on or about the date of February 8, 2022.

6.  On or about March 14, 2022, the EEOC issued plaintiff a Dismissal and Notice of Right to Sue against defendant with regards to this matter. A copy of the Right to Sue letter is attached as Exhibit A-14.

7.  Plaintiff has exhausted the administrative remedies available to him.

8.  Plaintiff files her complaint within 90 days of the EEOC's issuance of the notice of right to sue.

## PARTIES

*Complaint*-- Stacy Ann Williams-Moore

9. Plaintiff, Stacy Ann Williams-Moore, resides in Amityville, New York at the address of 17 Dawes Avenue and is a qualified individual with a disability within the meaning of the ADA and ADA-AA.

10. Plaintiff was an employee of the defendant, which is a "covered entity" within the meaning of the ADA and ADA-AA.

11. Defendant's principal place of business is located at 175-28 148th Avenue; Jamaica, New York.

12. At all times material to this action, Plaintiff was an "employee" of defendant within the meaning of the ADA and ADA-AA.

13. At all times relevant, defendant was an "employer" as defined by 42 U.S.C. 12111(5).

14. From approximately September 10, 2018, until her termination on January 31, 2022, plaintiff was employed by the defendant.

15. At all times material to this action, plaintiff was perceived as having a disability as defined by 42 U.S.C. §12102 (1) (2) and (3) and was subjected to adverse actions prohibited under this chapter because of perceived physical impairments whether or not these perceived impairments limited or were perceived to limit major life activities.

16. Specifically, plaintiff was perceived as disabled with a contagious disease; was mis-classified as having an impaired immune system and an impaired respiratory system by defendant; and was not allowed to work because of defendant's discriminatory perceptions, policies and procedures.

17. At all times material to this action, plaintiff was, and is, a "qualified individual" under the ADA and ADA-AA as a person who met the legitimate skill, experience, education, or other requirements of the employment position that plaintiff held, and who can/could perform the "essential functions" of the position plaintiff held with or without reasonable accommodation.

18. Additionally, defendant is not eligible for any exemption under the ADA and ADA-AA, and, indeed, did not seek or obtain an exemption.

*Complaint*-- Stacy Ann Williams-Moore

19. At all times material to this action, defendant is/was an employer covered by the ADA and ADA-AA in that it employs more than 15 employees.

20. At all times material to this action, plaintiff was an employee entitled to be free from discrimination on the basis of a perceived disability under the ADA and ADA-AA.

## PLAIN STATEMENT

21. Defendant's policies and procedures demonstrate that it discriminated against plaintiff based upon perceived disability. When plaintiff objected, the defendant continued to impose accommodations; including but not limited to: medical examinations, medical interventions including mask-wearing; without first conducting an individualized assessment to determine if she was a direct threat. Defendant used policies and procedures to harass, isolate, segregate, limit, classify, deny equal access and impose non-job-related medical exams and inquiries upon plaintiff. Defendant also retaliated against plaintiff by interfering with her rights, imposing punitive measures including requiring medical examinations, removing her from scheduled work-shifts, and ultimately terminating her employment, for disability reasons which is prohibited under the ADA and ADA-AA.

## STATEMENTS OF FACT

22. The Americans with Disabilities Act Amendments Act ("ADA and ADA-AA"), 42 U.S.C. § 12101, et. seq., as amended is a remedial statute aimed at addressing and providing remedy in response to Congress's findings that discrimination against individuals with physical or mental disabilities persist in critical areas like employment, and our nation's goals with respect to individuals with disabilities is to assure equality of opportunity and participation. 42 U.S.C. § 12101(a)(1)-(8). The ADA and ADA-AA is meant to protect qualified employees, like plaintiff, from discrimination, harassment and retaliation in the workplace on account of a real or perceived mental or physical disability. 42 U.S.C. § 12112.

23. Plaintiff advised defendant that she was being regarded as disabled by the defendant and that the defendant was making a record of this disability by mis-classifying her as substantially limited with impaired immune and respiratory systems affecting her ability to

perform major life activities in the workplace including working, communicating with others, performing manual tasks, talking, and breathing without the use of mitigation measures.

24. Plaintiff on many occasions duly noticed defendant of her good faith opposition to discriminatory policies and procedures.

25. Under the ADA and ADA-AA an employer may not require an individual with disability to accept accommodations which such qualified individual chooses not to accept. 29 CFR 1630.9 (d). This is especially pertinent when accommodations are imposed for a perceived and unproven disability.

26. Under the ADA and ADA-AA an employer is required to conduct an individual assessment to determine whether an employee poses a 'direct threat' before it can impose any measures upon the employee. 29 CFR §1630.2 (r)

27. Under the ADA and ADA-AA it is considered discrimination on the basis of disability if the employer limits, segregates, or classifies an employee in a way that adversely affects such employee because of the disability. 42 USC § 12112

28. Under the ADA and ADA-AA an employer who discharges, disciplines, or discriminates against an employee in the manner described in subsection (a) is considered to have violated 29 CFR §1630.4 (a)

29. Under the ADA and ADA-AA employers are prohibited from retaliating against individuals who oppose discriminatory activities or who make charges, testify, assist, or participate in any manner in an investigation, proceeding or hearing. 42 U.S.C. § 12203 and 29 CFR Parts 1630.12(a) and (b) and Parts 1630.13(b), (c), (d) and Part 1630.14(c) and shall be subject to the enforcement provisions relevant to such violations set forth in sections 42 U.S. Code § 12117, 42 U.S. Code § 12133 and 42 U.S. Code § 12188.

30. Under the ADA and ADA-AA employers are prohibited from requiring medical examinations or making disability-related inquiries of employees unless such examination or inquiry is shown to be job-related and consistent with business necessity; 42 U.S.C. §12112(d)(4); 29 CFR §1630.13 (b).

- 5 -

*Complaint*-- Stacy Ann Williams-Moore

31. Under the ADA and ADA-AA, employers are prohibited from sharing non-job-related medical classification without any regard to confidentiality; 29 CFR §1630.14 (c).

32. Plaintiff may proceed under the "regarded as" prong and the "record of" prong and this court has jurisdiction under these prongs of the ADA and ADA-AA.

## GENERAL ALLEGATIONS

33. At all times material to this action, defendant failed to comply with its duty under the ADA and ADA-AA.

34. Plaintiff notified defendant that she was a qualified individual with disability because she was being regarded as disabled with a contagious disease by the defendant's policies and procedures.

35. Defendant's policies and procedures are specifically implemented for the purpose of mitigating the disability which it regards plaintiff as having.

36. Defendant misclassified plaintiff as substantially limited and refused to allow plaintiff to perform several major life activities without using mitigation measures.

37. When plaintiff chose not to accept the defendant's offered accommodations per 29 CFR 1630.9 (d), the defendant retaliated against plaintiff.

38. Defendant was required to either provide equal access or claim exemption to the ADA and ADA-AA and it did neither; thus defendant failed to perform its duty under the ADA and ADA-AA.

39. Defendant discriminated and retaliated against plaintiff for making a complaint that she was being regarded as disabled, thus asserting her entitlement to equal access under the ADA and ADA-AA.

40. Plaintiff requested the defendant to provide a copy of the individualized assessment[1] that it conducted to determine that plaintiff was a direct threat; however, defendant ignored

---

[1] EEOC Technical Manual 2.2 (c) "...the Supreme Court has stated and the Congress has reiterated, "society's myths and fears about disability and disease are as handicapping as are the physical limitations that flow from actual impairments." The legislative history of the ADA indicates that Congress intended this part of the definition to protect people from a range of discriminatory actions based on "myths, fears and stereotypes" about disability, which occur even when a person does not have a substantially limiting impairment."

- 6 -

*Complaint-- Stacy Ann Williams-Moore*

the requirement and continued to demand that plaintiff participate in its "health control measures" or accommodations such as mask-wearing, medical examinations, inquiries and treatments under Emergency Use Authorization ("EUA").

41. Rather than providing equal access or proving any exemption to complying with the ADA and ADA-AA, defendant embarked on a series of adverse employment actions against plaintiff which were designed to deter plaintiff's good faith opposition to the policies and procedures.

42. Defendant's policies and procedures segregated the plaintiff based on physical condition.

43. Defendant's policies and procedures limited plaintiff's access to the workplace based on perceived disability.

44. Defendant's policies and procedures refused allow plaintiff to perform her employment duties without using mitigation measures.

45. Defendant's policy and procedures limited plaintiff's right to invoke ADA and ADA-AA protections by refusing to recognize that plaintiff could claim a reason under Federal law for refusing to comply with the policy and procedures. Instead, defendant insisted that plaintiff could only claim a "medical" or "religious" exemption, which is interference with plaintiff's rights under the ADA and ADA-AA.

46. Defendant also engaged in adverse employment actions when plaintiff claimed the right of informed consent and the right to refuse to take part in clinical trials and noticed defendant that all the imposed mitigation measures fall under an EUA period.

47. Defendant's violation of the ADA and ADA-AA was not in good faith and was willful, and plaintiff sustained damages as a result of defendant's conduct including past and future earnings, lost opportunities and benefits, liquidated damages, emotional distress, and reasonable attorneys' fees and or costs.

48. Plaintiff re-alleges each statement from the affidavit herein.

Complaint-- Stacy Ann Williams-Moore

## COUNT I

### DISCRIMINATION UNDER THE ADA and ADA-AA FOR PERCEIVED DISABILITY

49. Plaintiff incorporates each of the above statements of fact herein; the allegations contained in the paragraphs 1 through 48 and the plaintiff's supporting affidavit which is also re-alleged and incorporated herein by reference.

50. Title I of the ADA prohibits employment discrimination on the basis of disability in all aspects of employment, in 29 CFR § 1630 *et sequitur;* and particularly §1630.4; § 1630.5.

51. Plaintiff is a qualified individual under the ADA and ADA-AA.

52. Around August of 2020, defendant began regarding plaintiff as having the disability of a contagious disease and made a record of such disability by mis-classifying plaintiff as being substantially limited with an impaired immune system and an impaired respiratory system; and began requiring plaintiff to use mitigation measures to perform several major life activities in the workplace.

53. Defendant failed to conduct an individualized assessment to determine whether plaintiff met the criteria of posing a direct threat. Defendant only referred to statements made on the CDC's website which does not qualify as an individualized assessment.

54. Despite having knowledge of plaintiff claiming protected status under the ADA and ADA-AA, defendant continued to limit, segregate, classify plaintiff due to its perception of plaintiff as a person with a disability within the meaning of the ADA and ADA-AA.

55. Defendant's responses to the requests made by plaintiff to cease the discrimination and harassment were in fact non-responsive, dismissive or harassing; a true and correct copy of each written communication is included with Exhibit A.

56. Despite plaintiff's written notices, defendant continued without cessation to harass the plaintiff based upon disability by sending plaintiff numerous communications coercing plaintiff to accept various accommodations or suffer adverse employment actions. All written communications are attached as Exhibit A.

57. Defendant has failed to ensure the plaintiff equal access to the premises where plaintiff was assigned to work; and the plaintiff has been prevented from enjoying equal access to the benefits of employment enjoyed by other employees.

58. Defendant's "COVID-19 policies and procedures" classified plaintiff in such a way that plaintiff's employment opportunities were adversely affected and limited because defendant would not permit plaintiff to do her job without first submitting to defendant's accommodations ("mitigation measures").[2]

59. Defendant required non-job-related medical examinations or made disability-related inquiries[3] of plaintiff that were not consistent with business necessity. Defendant has also failed to provide any notice as to the manner in which these inquiries or medical examinations were an essential function of plaintiff's job.

60. An employer is entitled only to the information necessary to determine whether the employee can perform the essential functions of the job[4] with or without reasonable accommodations.

61. Defendant never conspicuously disclosed or gave legally adequate notice that complying with the COVID-19 mitigation measures ("accommodations") are an **essential function** of the job of Import Agent; and these measures have never previously been an essential function of plaintiff's job, and also did not mention plaintiff's right of refusal under EUA guidelines[5].

62. Plaintiff claimed her right not to provide any medical information that is not related to the performance of her job duties.

63. Defendant also limited the accommodation measures[6], such as examinations; disclosures of medical records that were not job-related; experimental injections; medical interventions; equipment or products; to only those chosen by defendant. Additionally,

---

[2]  Prohibited by 29 CFR § 1630.5
[3]  Prohibited by 42 U.S.C. §12112(d)(4); 29 CFR §1630.13 (b)
[4]  29 CFR 1630.2(n)(2) definition "Essential Function": "(i) ….the reason the position exists is to perform that function."
[5]  Title 21, Chapter 9 V, Part E §360bbb–3a. Emergency use of medical products.
[6]  29 CFR Part 1630.2(j)(5)(i)

- 9 -

*Complaint*-- Stacy Ann Williams-Moore

defendant failed to prove that there are no other accommodations available which do not require injections, medical devices and medical examinations.

64. Defendant classified plaintiff as "unvaccinated"[7]; widely shared this classification of plaintiff with other employees without any regard to confidentiality[8]; and encouraged employees to harass plaintiff with repetitive emails, intimidating interactions and threats of termination.

65. If plaintiff had previously made at least one request for reasonable modifications, plaintiff has since withdrawn such request.

66. Additionally, the experimental "vaccines" that are being promoted as vaccines do not actually prevent transmission or infection of any contagious disease, specifically regarding the "COVID-19" or "SarsCOV2" purported "diseases".

67. The ADA and ADA-AA also protects individuals such as plaintiff for whom submitting to certain accommodation measures would create impairments. The accommodations include, but are not limited to, taking experimental injections under Emergency Use Authorization (EUA) which are being promoted as "vaccines" but which are not legally vaccines; submitting to repetitive, non-job-related medical examinations (nasal tissue testing, temperature checks); being placed under isolation, segregation and quarantine without due process; using medical devices for mitigation measures[9] (masks); disclosing plaintiff's medical records and history for non-job-related matters and participating in clinical trials and epidemiological experiments as a condition of employment.

68. Plaintiff requests that this court take judicial notice of Section 201(h) of the Food, Drug and Cosmetic Act and its Final Guidance titled, "Classification of Products as Drugs and Devices & Additional Product Classification Issues: Guidance for Industry and FDA Staff", published in September of 2017[10], in which the Food & Drug Administration **defines**

---

[7] Discrimination based upon physical condition

[8] Prohibited by 29 CFR § 1630.13.

[9] Section 201(h) Food, Drug & Cosmetic Act

[10] https://www.fda.gov/regulatory-information/search-fda-guidance-documents/classification-products-drugs-and-devices-and-additional-product-classification-issues

- 10 -

*Complaint*-- Stacy Ann Williams-Moore

wearing a mask for mitigation purposes as a medical device and the application of a medical device or contrivance.

69. Plaintiff further requests judicial notice of the fact that the Food & Drug administration has never **approved** wearing such face masks, but only "authorized" them without any supporting medical or clinical data establishing any medical necessity or efficacy for wearing such contrivances.

70. Plaintiff requests that the court take judicial notice of the official mortality rates of the State of New York and the United States for the years from 2017, 2018, 2019 and 2020 in which the standard deviation is zero, the very definition of no verifiable "pandemic".

71. Plaintiff has been damaged by defendant's violation of the ADA and ADA-AA and has suffered damages, which include past and future earnings, lost opportunities and benefits, and emotional distress.

72. The conduct of defendant and its agents and employees proximately, directly, and foreseeably, injured plaintiff, including but not limited to, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

73. The conduct of defendant was so willful and wanton and in such reckless disregard of the statutory rights of plaintiff so as to entitle her to an award of punitive damages against defendant, to deter it, and others, from such conduct in the future.

74. As a result of defendant's actions plaintiff has experienced discrimination, harassment, segregation, isolation.

75. Plaintiff is entitled to any and all relief permitted under the ADA and ADA-AA, 42 U.S.C. § 12117(a), including equitable relief.

76. **WHEREFORE**, Plaintiff respectfully requests entry of:

   a.   judgment in her favor and against defendant for violation of the anti-discrimination provisions of the ADA and ADA-AA;

b. ordering defendant to comply with the requirements of Title I of the Americans with Disabilities Act, 42 U.S.C. §12101; and

c. ordering defendant to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct and to eliminate, to the extent practicable, the effects of such conduct.

d. judgment in plaintiff's favor and against defendant for actual and compensatory damages, including lost earnings, front pay, and/or all actual monetary losses suffered as a result of defendant's conduct;

e. judgment in plaintiff's favor and against defendant for plaintiff's reasonable attorney fees, costs and litigation expenses;

f. judgment in plaintiff's favor and against defendant for punitive damages; and

g. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

77. Plaintiff demands a jury trial.

## COUNT II
## RETALIATION UNDER THE ADA and ADA-AA

78. The ADA and ADA-AA also prohibits employers from retaliating against individuals who oppose discriminatory activities or who make charges, testify, assist, or participate in any manner in an investigation, proceeding or hearing under the ADA, Title 42 U.S.C. § 12203 and 29 CFR Parts 1630.12(a) and (b) and Parts 1630.13(b), (c), (d) and Part 1630.14(c).

79. Plaintiff incorporates the above statements of fact and the allegations contained in the paragraphs 1 through 48 herein and plaintiff's supporting affidavit which is also re-alleged and incorporated herein by reference.

80. In August of 2020, defendant began unceasingly to retaliate against plaintiff despite plaintiff's reasonable good faith belief that she was exercising protected opposition to discrimination and claiming rights protected under the ADA and ADA-AA.

81. The plaintiff was threatened to be terminated because of her unvaccinated condition and has successfully stated a violation of the Act simply because she has been subjected to an action prohibited under the law because of perceived physical impairment.

82. Defendant continued to threaten the plaintiff with suspension, dismissal, and termination even after plaintiff opposed the discrimination and was later made aware of a pending EEOC investigation and plaintiff's protected opposition status.

83. Defendant coerced plaintiff to submit to the accommodation measures, medical interventions and examinations and other health control measures, even though defendant was duly advised by plaintiff that she was not subject to any health control measures by any court order, and that the defendant was not empowered by any court order or other legal duty to impose such interventions, examinations or control measures upon plaintiff. [11]

84. Defendant threatened plaintiff with the termination of employment then terminated his employment because of a perceived disability and as a result of classifying plaintiff as "unvaccinated".

85. Despite having knowledge of plaintiff claiming protected status under the ADA and ADA-AA, defendant terminated plaintiff's employment due to plaintiff's opposition to discriminatory policies and procedures.

86. Defendant also failed to give notice of plaintiff's right to refuse defendant's accommodations under the ADA and ADA-AA[12], and failed to advise plaintiff of her right to informed consent, thus interfering with the exercise of plaintiff's rights under the ADA and ADA-AA.

87. As a result of defendant's intentional, willful and unlawful acts of retaliating against plaintiff by terminating plaintiff's employment; interfering with plaintiff's right to informed consent; and interfering with plaintiff's right to refuse defendant's accommodations under the ADA and ADA-AA, plaintiff has suffered injury and damages.

---

[11] See New York Public Health Legal Manual
https://www.nycourts.gov/whatsnew/pdf/PublicHealthLegalManual.pdf
[12] 29 CFR Part 1630.9 (d) & (e)

*Complaint-- Stacy Ann Williams-Moore*

88. The injury suffered by plaintiff is thereby concrete and particularized and it is actual and imminent. The injury alleged in the complaint, including the pleading and exhibits, clearly sets forth a set of facts that actually occurred and are not conjectural or hypothetical. The injury described therein is at least fairly traceable to the challenged action, conduct and policies of defendant.

89. The harm (injury) already suffered by plaintiff includes, but is not limited to, having to choose between waiving rights to: medical privacy, informed consent, refusal to take part in clinical trials, and be free of discrimination and retaliation OR having plaintiff's employment terminated. Once violated, these rights cannot be recovered.

90. Defendant's policies and procedures demonstrate soundly and convincingly that it intends to inflict future harm against plaintiff based upon perceived disability; it fully intends to continue these policies and it fully intends to continue retaliating against plaintiff as alleged herein.

91. As a result of defendant's actions the plaintiff has experienced retaliation, coercion, interference, termination and disruption in plaintiff's career.

92. Defendant's efforts were to terminate plaintiff, rather than to provide equal access, per defendant's duty, and were not objectively or subjectively in good faith, therefore plaintiff is entitled to liquidated damages or other monetary damages, including punitive damages to the extent available.

93. WHEREFORE, Plaintiff respectfully requests entry of:

    a. ordering defendant to comply with the requirements of Title I of the Americans with Disabilities Act, 42 U.S.C. §12101; and,

    b. take such affirmative steps as may be necessary to prevent the recurrence of any retaliation, coercion, interference and intimidation and to eliminate, to the extent practicable, the effects of such conduct.

    c. reinstatement, or, in the alternative, front pay in the event reinstatement is not practical;

d.  judgment in plaintiff's favor and against defendant for actual and compensatory damages, including lost earnings, front pay, and/or all actual monetary losses suffered as a result of defendant's conduct;

e.  judgment in plaintiff's favor and against defendant for plaintiff's reasonable court fees and litigation expenses;

f.  judgment in plaintiff's favor and against defendant for punitive damages; and

g.  assess a civil penalty against the defendant in an amount authorized by 42 U.S.C. §12101 to vindicate the public interest and make the plaintiff whole; and

h.  an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

94. Plaintiff demands a jury trial.

DATED this ___ day of June 2022.

_____
Stacy Ann Williams-Moore, Plaintiff

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Stacy Ann Williams-Moore

## DEFENDANTS
QUICK INTERNATIONAL COURIER, LLC

**(b)** County of Residence of First Listed Plaintiff: Suffolk
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Queens
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se

Attorneys *(If Known)*

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 14 2022 ★
LONG ISLAND OFFICE

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [✓] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [✓] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [✓] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | INTELLECTUAL PROPERTY RIGHTS | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | | 840 Trademark | 460 Deportation |
| | | PERSONAL PROPERTY | LABOR | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | 710 Fair Labor Standards Act | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 720 Labor/Management Relations | SOCIAL SECURITY | 485 Telephone Consumer Protection Act |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
| 196 Franchise | | | | 863 DIWC/DIWW (405(g)) | |
| | | | | 864 SSID Title XVI | 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | 790 Other Labor Litigation | 865 RSI (405(g)) | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights | Habeas Corpus: | 791 Employee Retirement Income Security Act | FEDERAL TAX SUITS | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | | 896 Arbitration |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | IMMIGRATION | | |
| 290 All Other Real Property | | Other: | 462 Naturalization Application | | |
| | [✓] 446 Amer. w/Disabilities - Other | 540 Mandamus & Other | 465 Other Immigration Actions | | 950 Constitutionality of State Statutes |
| | 448 Education | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [✓] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District (specify)
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 1 of the ADA

Brief description of cause:
violations of the ADA

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [✓] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: June 7, 2022

SIGNATURE OF ATTORNEY OF RECORD
Pro Se Plaintiff: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

STACY ANN WILLIAMS-MOORE
*Plaintiff(s)*

v.                                         Civil Action No.

QUICK INTERNATIONAL COURIER, LLC
*Defendant(s)*

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 14 2022 ★
LONG ISLAND OFFICE

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Quick International Courier, LLC
c/o Cogency Global Inc.
122 EAST 42ND STREET, 18TH FLOOR
NEW YORK, NY, 10168

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Stacy Ann Williams-Moore
17 Dawes Avenue
Amityville, New York 11701

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                                   _____
                                                        *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:





**FOR DOMESTIC AND PLACE MAILING LABEL HERE**

UNITED STATES POSTAL SERVICE — PRIORITY MAIL EXPRESS

CUSTOMER USE ONLY
FROM: (PLEASE PRINT)  PHONE ( )
Stacy Ann Williams-Moore
17 Dacoes Ave
Amityville NY 11701
Tel- 516 462 5959

DELIVERY OPTIONS (Customer Use Only)
☐ SIGNATURE REQUIRED
☐ No Saturday Delivery
☐ Sunday/Holiday Delivery Required

TO: (PLEASE PRINT)  PHONE ( )
United State Dist. Court
Eastern Dist. of New York
Central Islip Division
100 Federal Plaza
Central Islip NY 11722

- For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
- $100.00 insurance included.



PAYMENT BY ACCOUNT (if applicable)

ORIGIN (POSTAL SERVICE USE ONLY)
☐ 1-Day  ☐ 2-Day  ☐ Military  ☐ DPO
PO ZIP Code: 11550
Scheduled Delivery Date: 6/14/22
Postage: $28.35
Date Accepted: 6/13/22
Scheduled Delivery Time: ☐ 6:00 PM
Time Accepted: 5:28 ☐ AM ☐ PM

DELIVERY (POSTAL SERVICE USE ONLY)
Delivery Attempt: 6/14  Time: 1053 ☐ AM ☐ PM
Weight: 2 lbs 4.4 oz
Total: $28.35

LABEL 11-B, MAY 2021   PSN 7690-02-000-9996

← PEEL FROM THIS CORNER




RECEIVED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 14 2022 ★
LONG ISLAND OFFICE